USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/25/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAHREEM PERRY,

                        Plaintiff,

-against-

STEVEN VEGA, et al.,

                        Defendants.

22-CV-5813 (VEC)

ORDER OF SERVICE

VALERIE CAPRONI, United States District Judge:

Plaintiff, who is a pretrial detainee currently confined at Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants falsely arrested and imprisoned him. By order dated July 11, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants Steven Vega, Myles Leonard, Sajit Tomy, Thomas McCue, and Kirk Birmelin through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants Vega, Leonard, Tomy, McCue, and Birmelin, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   August 25, 2022
         New York, New York

_____
VALERIE CAPRONI
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Steven Vega, Shield # 18394 (18274)
   New York City Police Department
   Police Service Area 4
   130 Avenue C
   New York, NY 10009

2. Myles Leonard, #2804
   New York City Police Department
   Police Service Area 4
   130 Avenue C
   New York, NY 10009

3. Sajit Tomy, # 7575
   New York City Police Department
   Police Service Area 4
   130 Avenue C
   New York, NY 10009

4. Thomas McCue, # 25893
   New York City Police Department
   Police Service Area 4
   130 Avenue C
   New York, NY 10009

5. Kirk Birmelin, # 439
   Police Sergeant
   New York City Police Department
   Police Service Area 4
   130 Avenue C
   New York, NY 10009