UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KAHREEM S. PERRY,

                              Plaintiff,

        -against-

STEVEN VEGA, et al.,

                             Defendants.

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/29/2022

22-CV-05813 (VEC)(SN)

ORDER

**SARAH NETBURN, United States Magistrate Judge:**

    Plaintiff, proceeding pro se, has sued five New York City police officers for constitutional violations arising out of an October 23, 2021 incident. Counsel for Defendants has requested a stay of this matter because Plaintiff is currently being criminally prosecuted for the same occurrence.

    When evaluating whether to grant a stay in a civil case pending the resolution of a criminal proceeding, courts consider "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 99 (2d Cir. 2012). "It is well-settled that the Court may (and indeed should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." Estes-El v. Long Island Jewish Med.

Ctr., 916 F. Supp. 268, 269 (S.D.N.Y. 1995) (citing Deakins v. Monaghan, 484 U.S. 193, 202) (1988)).

The allegations in this civil rights case substantially overlap with those in the criminal case because both arise out of Plaintiff's October 23, 2021 arrest and charges for robbery and burglary. Additionally, Plaintiff's interests are best protected by a stay so that he preserves his Fifth Amendment privilege against self-incrimination. See Louis Vuitton, 676 F.3d at 97. All other factors favor a stay of this action.

Defense counsel represents that it has been unable to contact Plaintiff because of his incarcerated status. Accordingly, the Court does not have the benefit of Plaintiff's position on this application. The Court, however, has taken the liberty of sending a copy of this Order to Plaintiff's assigned criminal defense attorney.

A STAY of this case is GRANTED until further order of the Court. If Plaintiff objects, he may notify the Court in writing. Defense counsel is directed to notify the Court on the status of Plaintiff's criminal case within two weeks of a disposition or every 90 days, whichever is sooner.

The Clerk of Court is requested to terminate the motion at ECF No. 22 and mail a copy of this Order to Plaintiff and Mr. Hardy (address below).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         August 8, 2022

cc:   Glenn Franklin Hardy, Esq.
      1619 Third Avenue, Ste. 9k
      New York, New York 10128