UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAHREEM S. PERRY,

Plaintiff,

-v.-

STEVEN VEGA et al.,

Defendants.

22 Civ. 5813 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

Several Defendants in this civil rights action asserting false arrest and related claims, *see* ECF No. 166, challenge a discovery order issued by Magistrate Judge Sarah Netburn, to whom the case is referred for general pretrial supervision, ECF No. 7. During a September 2, 2026 conference with the parties, Judge Netburn ordered "limited and targeted discovery" regarding a general release (the "General Release") signed by Plaintiff in April 2026 in connection with settling an unrelated matter, *Perry v. Doe*, No. 24 Civ. 8438 (LJL) (S.D.N.Y.). ECF No. 172 at 9:18-23; *see* ECF No. 167 at 1. Judge Netburn further directed that "[m]ediation shall commence" after the close of this limited discovery, and that, "[i]f the parties are unable to resolve the case through mediation . . . , Defendants may [then] file a limited motion to dismiss that solely addresses the Release Issue."[1] *Id.* at 1. One week later, Defendants Kirk Birmelin, Steven Vega, Thomas McCue, Sajit Tomy, Myles Lennard, and Christian Molina (the "City Defendants") filed a letter motion asking this Court to "stay the deadline for limited discovery as to the general release" and "issue a briefing schedule for a motion to dismiss on the limited issue of the general release." ECF No. 170 at 2. Plaintiff opposes those requests. ECF No. 171. The

[1] Judge Netburn's order also provided that "[t]he filing of Defendants' motion regarding the Release Issue does not foreclose or otherwise prejudice Defendants from filing a subsequent motion to dismiss the Fourth Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim." ECF No. 167 at 2.

Court construes the City Defendants' letter as an objection to Judge Netburn's order pursuant to Federal Rule of Civil Procedure 72(a). The objection is overruled.

The General Release was first raised in a July 29, 2026 joint letter to the Court. ECF No. 160. In that letter, the City Defendants asserted that the General Release is "clear and unambiguous" and "bars the claims in this case." *Id.* at 3 & n.2. Plaintiff countered that the release "is internally inconsistent as to whether it might even apply in this action at all," such that "discovery will be required for the Court to assess [the defense's] merit." *Id.* at 2. At the September 2 conference, although Judge Netburn "appreciate[d] [the City Defendants'] legal position that there's no need to consider whether or not the parties share[d] the same intent when the agreement was executed," she also "anticipate[d] . . . [Plaintiff] saying that the plain language is ambiguous." ECF No. 172 at 12:4-11. As Judge Netburn noted, if the General Release is ambiguous, then the Court will need to "see whether there [was] a meeting of the minds, in which case that discovery is going to be necessitated." *Id.* at 12:11-13. Accordingly, Judge Netburn concluded, "I don't think it's efficient to have a motion to dismiss on the plain language and run the risk of the Court finding that it's ambiguous and then opening it up to discovery and then having a second motion filed . . . . So I'm going to require that limited and targeted discovery." *Id.* at 12:14-21.

The City Defendants' letter does not address the legal standard governing their requests. At bottom, the City Defendants seek to set aside Judge Netburn's order requiring discovery before they may bring a motion on account of the General Release. The letter is therefore properly construed as an objection under Federal Rule of Civil Procedure 72(a) to a magistrate judge's ruling on "a pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation.").

Under Rule 72(a), the Court may "modify or set aside" Judge Netburn's order only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). An order is clearly erroneous when "the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed," *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948), and contrary to law when it "fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure," *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (quotation marks omitted). "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Id.* at 511 (quotation marks omitted). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *Id.* at 512 (quotation marks omitted).

The City Defendants have not carried their burden. The City Defendants identify no authority that required Judge Netburn to accept a motion based on the General Release before the parties engaged in discovery relating to the release. Although the City Defendants highlight several cases where "[the New York City Law Department's] general release" was found to bar subsequent actions, ECF No. 170 at 1-2, none holds that a court commits legal error if it permits discovery before entertaining such a motion.

Nor have the City Defendants demonstrated that Judge Netburn's decision was "clearly erroneous" or an abuse of her "broad discretion" over pretrial matters. *See Thai Lao Lignite*, 924 F. Supp. 2d at 511. Among other things, Plaintiff argues that the General Release must be read together with the Stipulation of Settlement in *Doe*. The Stipulation of Settlement was executed eight days after the General Release, contains a merger clause, and provides that the General Release is to be "based on the terms of paragraph '2'" of the Stipulation, which released the "defendant or any entity represented by the Office of the Corporation Counsel." ECF No. 160-2

at 3, 7-9; *see* ECF No. 171 at 4-5. Plaintiff contends that this language is narrower than the General Release—which applies to "all past and present officials, employees, representatives, and agents of the City of New York," ECF No. 160-2 at 2—and does not reach the individual Defendants here. Therefore, according to Plaintiff, there is an "internal inconsistency between the Stipulation of Settlement and the General Release" that will require the Court to "consider extrinsic evidence of the parties' intent." ECF No. 171 at 5.

To support his position, Plaintiff points to *Megginson v. City of New York*, 821 F. Supp. 3d 291 (E.D.N.Y. 2026), where the court "construe[d] . . . three settlement documents"—a general release, stipulation of settlement, and stipulation of dismissal, *see id.* at 296—"as a single agreement" that did not unambiguously release claims arising from a separate incident. *Id.* at 306-08. The City Defendants distinguish *Megginson* on the grounds that Plaintiff here was represented by counsel when the General Release was signed, and that the General Release provides that it applies to all existing claims "except for [one] asserted in" *German Reynoso et al. v. City of New York et al.,* Index No. 150426/24. ECF No. 160 at 3; ECF No. 170 at 2; *see* ECF No. 160-2 at 2. The City Defendants also point to other decisions—including summary orders of the Second Circuit—that rejected similar arguments regarding settlement documents creating ambiguity with respect to an otherwise clear general release. *See* ECF No. 160 at 3 & n.2; ECF No. 170 at 1-2 (citing, *inter alia*, *Mateo v. Carinha*, 799 F. App'x 51, 53-54 (2d Cir. 2020) (summary order), and *Caraballo v. City of New York*, No. 24-2051, 2025 WL 1430152 (2d Cir. May 19, 2025) (summary order)).

Even if the Court ultimately concludes that the City Defendants' interpretation is correct, Judge Netburn's determination that it would be more "efficient" to incur upfront the costs of "limited and targeted discovery" in exchange for avoiding the risk of a second motion on the General Release being required, ECF No. 172 at 12:14-21, is a judgment call entitled to

significant deference under Rule 72(a). *See Thai Lao Lignite*, 924 F. Supp. 2d at 511-12 (emphasizing that Rule 72(a) is a "highly deferential standard" and that "the fact that reasonable minds may differ on the wisdom of granting [a party's] motion is not sufficient to overturn a magistrate judge's decision" (quotation marks and citation omitted)). Indeed, the district court in one of the City Defendants' own authorities "granted the parties permission to conduct limited discovery in connection with Defendant's release defense." *Mateo v. Carinha*, No. 14 Civ. 9020 (LTS), 2019 WL 1409727, at *1 (S.D.N.Y. Mar. 28, 2019), *aff'd*, 799 F. App'x 51 (2d Cir. 2020). Under these circumstances, where Plaintiff has at least plausibly argued that discovery will be needed, and where the discovery ordered by Judge Netburn is limited in both scope and duration, *see* ECF No. 167 at 1, the Court is not "left with the definite and firm conviction that a mistake has been committed." *U.S. Gypsum Co.*, 333 U.S. at 395.[2]

The City Defendants' objection is overruled. To the extent that the City Defendants object to specific discovery requests—including on the ground that the requests "implicat[e] attorney-client privilege," ECF No. 170 at 2—they may raise those objections, as in the ordinary course, with Judge Netburn. Any request to extend the current October 23, 2026 discovery deadline shall also be directed to Judge Netburn.

---

[2] The City Defendants also maintain that "any limited discovery would set [a] precedent that would invite unnecessary litigation for all of this office's cases where a general release is claimed to be inapplicable." ECF No. 170 at 2. This argument is unavailing. Neither Judge Netburn nor this Court has endorsed a categorical rule permitting discovery in all cases involving such a release. Instead, Judge Netburn's decision, reviewed by this Court pursuant to the clear error and contrary to law standards, is based upon the specific facts of this case.

The Clerk of Court is directed to terminate ECF No. 170.

SO ORDERED.

Dated: October 16, 2026
New York, New York

Jennifer H. Rearden

JENNIFER H. REARDEN
United States District Judge